46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge Luis SIERRA-ESTRADA, Defendant-Appellant.
 No. 94-10032.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Dec. 12, 1994.
Decided: Jan. 4, 1995.
 
 Before: HUG, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant appeals his criminal conviction for being a felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a), and attempting to export a firearm to Mexico without license or permission, in violation of 22 U.S.C. Sec. 2778. Defendant claims that the district court erred by excluding his girlfriend's exculpatory hearsay testimony from the trial, and by refusing to suppress an admission made before Miranda warnings were given. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm the conviction.
 
 I. HEARSAY
 
 3
 Defendant's defense at trial was that the gun found in his car belonged to the passenger in the car, Mora-Gonzales. Defendant planned to have his girlfriend testify to that effect, on the basis of a conversation his girlfriend allegedly had with Mora-Gonzales in which he admitted ownership of the gun. But the district court found that her testimony would have been inadmissable hearsay and refused to allow it. Defendant claims on appeal that the testimony should have been allowed because it fell under an exception to the hearsay rule for statements against interest, Fed. R. Evid. 804(b)(3). We disagree.
 
 
 4
 We review for abuse of discretion a district court's decision to exclude hearsay. United States v. Arias-Villanueva, 998 F.2d 1491, 1503 (9th Cir.), cert. denied, 114 S. Ct. 573 (1993).
 
 
 5
 "There are three requirements which must be met before evidence is admissible as a declaration against penal interest when the statement is being offered to exculpate a defendant: (1) the declarant must be unavailable; (2) the statement must tend to subject the declarant to criminal liability such that a reasonable person in the declarant's position would not have made the statement unless he or she believed it to be true; and (3) there must be corroborating circumstances which indicate the trustworthiness of the statement." United States v. Nazemian, 948 F.2d 522, 530 (9th Cir. 1991), cert. denied, 113 S. Ct. 107 (1992).
 
 
 6
 The first two requirements were easily met in this case. The district court found that the declarant was unavailable to testify at trial because he fled to Mexico to avoid being subpoenaed. And the statement was against the declarant's penal interests because it amounted to a confession of a crime. Although the declarant was not a felon, and so could not have been charged with being a felon in possession of a firearm, he could have been charged with attempting to illegally export the pistol to Mexico.
 
 
 7
 Although the first two requirements were met, the testimony is nonetheless inadmissable because there were no corroborating circumstances that clearly indicated the trustworthiness of the statement. "We have held in the context of exculpating statements that 'the showing of corroborating circumstances must do more than tend to indicate the trustworthiness of the statements; they must clearly indicate it."' Id. at 531 (citation omitted). Factors relevant to trustworthiness include "(a) the time of the declaration and the party to whom it was made; (b) the existence of corroborating evidence; (c) the extent to which the declaration is really against the declarant's penal interest; and (d) the availability of the declarant as a witness." United States v. Oropeza, 564 F.2d 316, 325 (9th Cir. 1977), cert. denied, 434 U.S. 1080 (1978).
 
 
 8
 The only corroboration of the girlfriend's testimony was the defense lawyer's statement that the declarant asked the lawyer whether he could be prosecuted if he testified. This does not clearly indicate the testimony's reliability, especially since the declarant did not make the statement immediately, and the statement was allegedly made to defendant's girlfriend, who presumably had an interest in exonerating the defendant. The trial court did not abuse its discretion in refusing to admit the testimony.
 
 II. Miranda
 
 9
 While detained at the border, defendant twice admitted to customs officials that the gun was his: once before and once after receiving Miranda warnings. Defendant argues on appeal that the first statement should have been suppressed because it was taken in violation of Miranda v. Arizona, 384 U.S. 436 (1966). We hold that defendant was not entitled to Miranda warnings prior to the first statement because, although he was in custody, he was not under interrogation.
 
 
 10
 We review de novo a district court's denial of a motion to suppress evidence. United States v. Khan, 993 F.2d 1368, 1375 (9th Cir. 1993). "Whether a statement was taken in violation of Miranda rights is 'reviewed de novo as a mixed question of law and fact, while the district court's factual findings are reviewed for clear error."' United States v. Gordon, 974 F.2d 1110, 1114 (9th Cir. 1992) (citation omitted).
 
 
 11
 After being stopped at the border, defendant was brought inside the customs building for questioning while his car was searched. No Miranda warnings were given. The inspector then handcuffed defendant and led him across the street to a holding cell. As he did this, he informed defendant that he was being held because a gun was found in his car. In response, defendant stated that the gun was his, and that he had forgotten that it was in the car. Two more agents arrived to question defendant. After he was read his Miranda warnings, he again admitted owning the gun.
 
 
 12
 Although defendant was in custody when he made his first statement that he owned the gun, this admission was not a response to questioning. The inspector simply explained to defendant why he was being held. Nor was the inspector's explanation the "functional equivalent" of questioning because it was not a statement that the inspector should have known was reasonably likely to elicit an incriminating response. See Rhode Island v. Innis, 446 U.S. 291, 301 (1980). As the inspector testified at the suppression hearing, the purpose of his statement was not to elicit a response: "When I escort somebody across the street ... I like to let him know why, because he'd just been handcuffed." Because defendant was neither questioned nor baited, he was not subject to interrogation. See United States v. Allen, 699 F.2d 453, 459 (9th Cir. 1982) (officer's statement of the reason for defendant's arrest and search was not interrogation). Because defendant was not interrogated, he was not entitled to Miranda warnings. The district court thus correctly admitted defendant's first statement.[1]
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Even if defendant's first statement was taken in violation of Miranda, the district court's failure to suppress it would be harmless error because defendant's second, essentially identical statement was correctly admitted under Oregon v. Elstad, 470 U.S. 298, 318 (1985) (holding that "a suspect who has once responded to unwarned yet uncoercive questioning is not thereby disabled from waiving his rights and confessing after he has been given the requisite Miranda warnings")